BAXTER
vs.
EVETT's lessee.

</div>

---

## Collins *vs.* Secreh.

Appeal from the Grant Circuit; WM. O. BROWN, Judge.

*Usury. Bank note contracts.*

Chief Justice BIBB delivered the opinion of the court.

    COLLINS exhibited his bill to be relieved against a judgment at law, obtained against him, upon a note for $120, besides interest and costs; because the note was given on an usurious lending and borrowing.

The answer admits, that on the 31st August, 1822, Secreh lent Collins one hundred dollars of commonwealth bank notes, then as the answer says, worth from sixty-two and an half to seventy five cents in the dollar; that for the loan thereof for one year, a premium of twenty dollars was agreed for, and thereupon the note for one hundred and twenty dollars, dated 31st August, 1822, payable the 31st August, 1823, was drawn and executed by Collins, npon which the judgment at law has been obtained for that sum, with interest from the 31st of August, 1823, till paid in gold or silver.

It appears in proof, that when this note fell due, the notes were worth only fifty cents to the dollar. The bill charges, and the answer acknowledges, that the loan was only of or for the sum of 100 dollars in notes of the bank of the commonwealth; but

<div style="text-align:right">

CHANCERY.

Case 68.

June 12.

Facts of the case, appearing in the pleadings and proofs.

</div>

COLLINS
vs.
SECREH.

the defendant insists now upon the note as for gold and silver, and he says that the complainant himself wrote the note, and executed it with his eyes open; that he would not have accepted the note if made payable in commonwealth's notes, and that there is no fraud or mistake.

Decree of the circuit court.

The circuit court perpetuated the injunction for twenty dollars only, and dissolved it for the residue of the judgment at law, and interest, with ten per cent damages, and that each party to pay his own costs.

Loan of depreciated bank notes, to be repaid at the nominal amount in specie, is usury, and the borrower is bound but for the value of the paper when loaned, with legal interest.

The defendant has yielded, and seems willing to give up the smaller usury of twenty dollars, but insists on the greater usury of converting the depreciated paper lent, into gold and silver at par, with legal interest thereon.    There is an obliquity of mind or a want of thought, after admitting the loan for depreciated paper upon a premium of twenty dollars, to urge an agreement for gold and silver for $120, to insist on the note as for gold and silver, and yet argue that in all this there is no usury above twenty dollars.

It seems to this court that the agreement to lend paper of the value of sixty two and an half or seventy cents only to the dollar, to be repaid dollar for dollar, in one year, in gold and silver, was usurious; and the additional agreement for the further sum of twenty dollars, was usury upon usury; and this court is further of opinion, that the judgment at law ought to stand as security only for the sum lent, but with legal interest thereon from the time of the loan till paid; that the court aught to have referred the case to an auditor, to take an account, and report what was the value of the notes of the bank of the commonwealth at the date of the note, which is acknowledged to be the time of the loan, with legal interest thereon until the note fell due, and for that sum and the running interest on it until paid, the plaintiff should have been permitted to proceed on his judgment, together with the costs at law—for the excess, the judgment should have been perpetually injoined: the defendant in chancery ought to have been decreed to pay the costs in chancery.

It is therefore ordered and decreed, that the decree <span>COLLINS<br>vs.<br>SECREH.</span>
of the circuit court be reversed, and that the case
be remanded to the circuit court, that a decree may
be framed according to the principles of this opin-
ion.

And it is further ordered and decreed, that the
defendant pay to the complainant his costs in this
court in this behalf expended.

*Payne* for appellant.